Nash, J.
 

 The only question before us is, had the defendant a right to appeal. The act granting appeals from the County to the Superior Court, (Rev. Stat. ch. 4, s. 1,) provides <£ when any person, plaintiff or defendant, or who shall be interested, shall be dissatisfied with the sentence, judgment or decree of any County Court, he may appeal, &c.” This section, evidently refers to cases of suits or actions in court, where there are adversary
 
 claims. This is not
 
 such a case. The County Court is notified, which may be done by any one, that, within their jurisdiction is one of those unfortunate individuals, whose situation demanded the care and attention of the court, and, in the discharge of a humane duty, imposed upon them by law, upon being satisfied, in a legal manner, that the fact was so, they appointed a guardian. This case then is not provided for in this section, but, if it were, the defendant has not brought himself within its provisions. He is neither a plaintiff nor a defendant, nor has he shewn that he has any interest in the matter whatever. No connexion is shewn between him or his intestate and Martha Lewis, nor does it appear in what manner the appointment of a guardian to her concerns him. For aught that is disclosed to us, he is a mere intermeddler, who has officiously stept forward, to stop the action of the court. The second section of the act extends to cases which are mostly
 
 ex parte,
 
 but in which, others may have an interest, and to which they may become parties, if they please. The first clause applies to the appointment of guardians of infants. Lunatics and idiots are not included in this, or any other clause of this section. Nor is there any provision in the act concerning idiots and lunatics, for an appeal by any one from the County to the Superior Courts. But in the case of the appointment or removal of guardians to infants, the law does not give the right of appeal indiscriminately to any and every one, who may think proper to ask it, but extends it only to those, who may be injured or
 
 *16
 
 aggrieved by the order, in this case, there is no pretence set “up that the defendant was injured or aggrieved by the order appointing the guardian. As the section under consideration embraces a class of eases, which are in their nature mostly
 
 ex parte,
 
 and enumerates, specially, those in which parties not appearing on the record, may have an interest, and in. which an appeal is granted, and as the appointment of a guardian in lunacy is not among the enumerated cases, we hold that in this case no appeal lay by any one.
 

 We see no error in the judgment oí the Superior Court.
 

 PeR Curiam, Judgment affirmed.