The plaintiff in this case filed his petition in Cumberland County Court, at March Term, 1849, alleging that, at the instance of the defendant, the said court, at March Term, 1848, passed an order directing a jury to inquire whether or not the plaintiff was a lunatic; that at June Term, 1848, (358) the jury returned a verdict finding that the plaintiff was a lunatic; whereupon the court appointed the defendant guardian to the plaintiff. The plaintiff, in his petition, alleges that he was not then nor is he now a lunatic, and prays the court to set aside the former order directing an inquest, the verdict returned thereon, and the appointment of the defendant as his guardian. The defendant answered, and the court, at June Term, 1849, ordered the following issue to be made up: "Is the petitioner, John Ray, a lunatic or not?" The jury found that John Ray was not a lunatic. "Whereupon it is adjudged by the court that the traverse of the verdict of the former jury, mentioned in complaint's petition, is sustained; and it is further adjudged, upon the finding of the jury now impaneled in *Page 262 
the cause, that John Ray is compos mentis, and that the order appointing a guardian is rescinded." From this judgment the defendant obtained an appeal to the Superior Court of Law.
In the Superior Court, on motion of the petitioner's counsel to dismiss the appeal for want of jurisdiction, the court orders that the appeal be dismissed. From this order the defendant appealed to the Supreme Court.
There is no error in the record. The guardian of the lunatic had no right of appeal from the judgment of the County Court. The question is settled. Willis v. Davis, 27 N.C. 14.
PER CURIAM. Judgment affirmed.
(359)